# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

CHRISTOPHER RICHARD CHAPIN,

Plaintiff,

vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
MICROSOFT CORPORATION, and
the MICROSOFT CORPORATION
WELFARE PLAN,

Defendants.

**Case No.:**

**COMPLAINT**

Plaintiff Christopher Richard Chapin ("Plaintiff" or "Mr. Chapin") brings this action against Defendants The Prudential Insurance Company of America ("Prudential"), Microsoft Corporation ("Microsoft"), and the Microsoft Corporation Welfare Plan (the "Plan") and alleges as follows:

COMPLAINT - 1



**PLAINTIFF LITIGATION GROUP, PLLC**
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

**INTRODUCTION**

1.      This lawsuit seeks to recover Short-Term Disability ("STD") benefits and Long-Term Disability ("LTD") benefits due to Plaintiff Chapin.  On or about March 20, 2018, Mr. Chapin became disabled from continued employment as a Microsoft software engineer.  Mr. Chapin claimed STD benefits under Microsoft's Short-Term Disability Leave of Absence Policy ("STD Payroll Practice"), which entitles certain disabled Microsoft employees to paid leave.  Defendants refused to pay Mr. Chapin's STD benefits.  Defendants cited no medical information suggesting Mr. Chapin is capable of continued employment.  Instead, Defendants denied benefits on the impermissible basis that Mr. Chapin's treating providers whose diagnoses supported Mr. Chapin's STD claim are purportedly not "independent."

2.      Mr. Chapin also claimed LTD benefits under a Prudential insurance policy ("LTD Insurance Policy") issued through the Plan and governed by the Employee Retirement Income Security Act (29 U.S.C. § 1001, *et seq.*; "ERISA").  Defendants refuse to pay LTD benefits and delay resolving Mr. Chapin's LTD claim indefinitely, even though Defendants identify no basis to dispute Mr. Chapin's disability.

3.      It has been over one year since Mr. Chapin claimed STD benefits and over 15 weeks since Mr. Chapin claimed LTD benefits.  Despite Mr. Chapin's

COMPLAINT - 2



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

repeated attempts to engage Defendants in a good faith exchange of information about his disability, Defendants refuse to communicate with Mr. Chapin in good faith, refuse to pay benefits, refuse to identify any basis to dispute Mr. Chapin's disability, and refuse to state when Defendants will reach a final decision on Mr. Chapin's claims.

4.    Accordingly, having afforded Defendants every opportunity to adequately investigate his claims, Mr. Chapin brings this lawsuit seeking STD and LTD benefits.  Mr. Chapin asserts claims under Washington State law seeking damages for Defendants' refusal to pay STD benefits pursuant to Microsoft's STD Payroll Practice.  Mr. Chapin asserts claims under ERISA seeking LTD benefits pursuant to Prudential's LTD Insurance Policy, as well as declaratory and injunctive relief compelling Defendants to implement new LTD claims procedures effecting claimants' right under ERISA to full and fair review of LTD claims.

**PARTIES**

5.    Mr. Chapin is, and at all relevant times was, a citizen of the United States and a resident of King County, Washington in this District.

6.    Defendant Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.  Microsoft is the Plan Administrator of the Plan.  Microsoft is a fiduciary within the meaning of 29 U.S.C. §§ 1002(21)

COMPLAINT - 3



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

and 1102 in that it exercised discretionary authority or discretionary control respecting management of the Plan and/or exercised authority and control respecting management or disposition of its assets and/or had discretionary authority or discretionary responsibility in the administration of the Plan.

7.    Defendant Plan is an employee benefit plan within the meaning of ERISA, 29 U.S.C. 1002(3), and is located in Redmond, Washington.

8.    Defendant Prudential is a foreign insurer with its principal place of business in Newark, New Jersey.  On Microsoft's behalf, Prudential administers claims for STD benefits under Microsoft's STD Payroll Policy.  On behalf of Microsoft and the Plan, Prudential insures and administers LTD benefit claims.

**JURISDICTION AND VENUE**

9.    The Court has jurisdiction over Mr. Chapin's ERISA claims pursuant to 29 U.S.C. § 1132(e) and (f).

10.    The Court has jurisdiction over Mr. Chapin's Washington State law claims pursuant to 28 U.S.C. § 1367 and/or 28 U.S.C. § 1332(a)(1).

11.    Venue over this action lies in this Court pursuant to 29 U.S.C. § 1132(e)(2).



COMPLAINT - 4

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

# FACTUAL ALLEGATIONS

**MR. CHAPIN IS ELIGIBLE FOR BENEFITS UNDER MICROSOFT'S STD PAYROLL PRACTICE AND PRUDENTIAL'S LTD INSURANCE POLICY**

12.     Mr. Chapin has been continuously employed by Microsoft as a full time software engineer from 2011 through the present.   Since approximately March 20, 2018, Mr. Chapin has been on unpaid leave from Microsoft.

13.     As a Microsoft employee, Mr. Chapin is a participant in and beneficiary of the Plan.

14.     Prudential issued the LTD Insurance Policy to Mr. Chapin in connection with the Plan.

15.     By virtue of having been issued in connection with the Plan, Prudential's LTD Insurance Policy is governed by ERISA and is subject to ERISA's guarantee of full and fair investigation of benefit claims.

16.     Prudential is the Claims Administrator for the Plan with respect to claims for benefits under the LTD Insurance Policy and is a fiduciary within the meaning of 29 U.S.C. §§ 1002(21) and 1102 in that it exercised discretionary authority or discretionary control respecting management of the Plan and/or exercised authority and control respecting management or disposition of its assets and/or had discretionary authority or discretionary responsibility in the administration of the Plan.

COMPLAINT - 5



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

17.   Prudential's LTD Insurance Policy entitles Mr. Chapin to LTD benefits when:

    a.   Due to a sickness (including any disorder of the mind) or injury, Mr. Chapin is unable to perform the material and substantial duties of his regular occupation, or has a 20% or more loss in his monthly earnings; and

    b.   Mr. Chapin is under a doctor's regular care.

18.   Prudential's LTD Insurance Policy requires claimants submit the following information as proof of a disability:

    a.   Proof the claimant is under the regular care of a doctor;

    b.   Appropriate documentation of the claimant's monthly earnings;

    c.   The date the claimant's disability began;

    d.   Appropriate documentation of the disabling disorder;

    e.   The extent of the claimant's disability, including restrictions and limitations preventing the claimant from performing his regular occupation or any gainful occupation or an activity of daily living;

COMPLAINT - 6



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

     f.     The name and address of any hospital or institution where the claimant received treatment, including all attending doctors; and

     g.     The name and address of any doctor the claimant has seen.

19.     The Plan requires Prudential to consider facts and opinions provided by claimants' treating providers in deciding LTD benefit claims. Additionally, if Prudential denies an LTD claim, Prudential must provide the claimant with a written statement of Prudential's basis for disagreeing with or not following the views of the claimant's treating providers.

20.     The Plan requires Prudential determine LTD claims within 45 days. The Plan permits Prudential a maximum of two 30-day extensions of this deadline (*i.e.*, a maximum total period of 105 days to decide LTD claims).

21.     The Plan provides Prudential may extend the 45-day deadline only if necessary due to matters beyond the control of the Plan, and only if Prudential gives the claimant written notice of the extension meeting all the following criteria:

     a.     the notice must state the reason for the extension;

     b.     the notice must state the date by which Prudential expects to decide the claim; and

COMPLAINT - 7

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

c. the notice must be sent prior to the expiration of the initial 45-day deadline.

22. As a full-time Microsoft employee, Mr. Chapin was eligible for leave under Microsoft's STD Payroll Practice.

23. Unlike the LTD Insurance Policy, Microsoft's STD Payroll Practice is not issued in connection with the Plan and is governed by Washington State law – not ERISA.[1]

24. Upon information and belief, Prudential, and/or Prudential's parent company, Prudential Financial, Inc., acts as Microsoft's agent for purposes of administering Microsoft's STD Payroll Practice.[2] Upon information and belief, Prudential investigates applications for paid leave under Microsoft's STD Payroll Practice and determines whether and to what extent Microsoft employees are entitled to paid STD leave.

25. Microsoft's STD Payroll Practice entitles Mr. Chapin to STD benefits when:

---

[1] Upon information and belief, and based on Microsoft's employment and employee benefit plan documents, Microsoft's STD Payroll Practice is exempt from ERISA. Should the Court determine Microsoft's STD Payroll Practice is ERISA-governed, Mr. Chapin reserves the right to amend this complaint to add claims under ERISA related to his claim for STD benefits.

[2] Mr. Chapin reserves his right to amend this complaint to add claims against Prudential Financial, Inc. or any other appropriate entities to the extent discovery reveals additional entities participated in the misconduct alleged herein.



PLAINTIFF LITIGATION GROUP, PLLC

95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

COMPLAINT - 8

a. Due to a sickness or injury, Mr. Chapin is unable to perform the material and substantial duties of his regular occupation;

b. The disabling sickness or injury is not covered by workers' compensation laws;

c. Mr. Chapin is under the regular care of a qualified health care provider; and

d. Mr. Chapin provides supporting opinions from a psychiatrist documenting any disability arising from psychiatric conditions.

26. Microsoft's STD Payroll Practice requires Prudential to decide STD claims based upon, *inter alia*, information provided by claimants' treating healthcare providers.

**MR. CHAPIN IS DISABLED FROM CONTINUED EMPLOYMENT AS A SOFTWARE ENGINEER**

27. Mr. Chapin's job duties as a software engineer at Microsoft include: (i) designing, programming, deploying and maintaining software; (ii) documenting, debugging, reviewing, and testing; (iii) learning new programming languages, internal tools, and software technologies; (iv) collaborating with internal teams/co-workers; and (v) managing deadlines, timetables, and schedules, and appropriately budgeting when features will be completed and available to customers.

COMPLAINT - 9



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

28. Mr. Chapin's disability is established through Mr. Chapin's medical treatment records and statements from Mr. Chapin's treating healthcare providers, including Mr. Chapin's treating psychiatrist, Dr. Robert Olsen, M.D., that Mr. Chapin provided to Prudential in the course of seeking STD and LTD benefits.

29. The documentation Mr. Chapin submitted to Prudential establishes:

    a.    Beginning approximately October 2017, Mr. Chapin suffered depression, anxiety, cognitive impairment, insomnia, passive suicidal ideation, loss of appetite, and decreased sex drive following Mr. Chapin's supervisor's months-long campaign of occupational harassment and bullying;

    b.    Mr. Chapin was diagnosed with, *inter alia*, Depressive Disorder (ICD F32.9), Anxiety Disorder (ICD F41.3), Cognitive Disorder (ICD F41.9) and Other Trauma and Stressor Related Disorder (ICD F43.8);

    c.    Objective test results corroborate Mr. Chapin's cognitive impairment, showing consistent deficits in psychomotor speed and impaired memory recall; Mr. Chapin performed these tests credibly, without evidence of reduced effort or feigning;

COMPLAINT - 10

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

d.      Mr. Chapin's symptoms prevent him from performing his job duties due to, *inter alia*, deficits in his working memory and ability to understand job requirements and impaired processing speed;

e.      By March 2018, Mr. Chapin was at risk for being terminated from employment due to impaired performance stemming from the foregoing symptoms.

30.    Due to his disability, Mr. Chapin has been unable to perform his duties as a software engineer at Microsoft since approximately March 20, 2018.

31.    Mr. Chapin's disability as alleged throughout this Complaint entitles Mr. Chapin to STD benefits under Microsoft's STD Payroll Practice because:

a.      Due to a sickness, Mr. Chapin is unable to perform the material and substantial duties of his occupation as a Microsoft software engineer;

b.      Mr. Chapin's sickness is not covered by workers' compensation laws because Washington worker's compensation benefits are not available to employees developing mental disorders from occupational harassment that is prolonged, as opposed to sudden, tangible, and immediate;[3]

---

[3] *See* RCW 51.08.100 and 51.08.142; WAC 296-14-300.

COMPLAINT - 11



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

c.   Mr. Chapin is under the regular care of a qualified health care provider, including the psychiatrist Dr. Olsen who repeatedly provided statements to Prudential documenting Mr. Chapin's disability; and

d.   Mr. Chapin provided Prudential supporting opinions from his psychiatrist, Dr. Olsen, documenting the psychiatric bases for his disability;

e.   Mr. Chapin provided Prudential with the information needed to prove his claim (see *infra*, ¶ 29) and/or this information was made available to Prudential on Mr. Chapin's behalf.

32.   Mr. Chapin's disability as alleged throughout this Complaint entitles Mr. Chapin to LTD benefits under Prudential's LTD Insurance Policy because:

a.   Due to a disorder of the mind, Mr. Chapin is unable to perform the material and substantial duties of his job as a Microsoft Software engineer and has incurred a 20% or more loss in his monthly earnings; and

b.   Mr. Chapin is under the regular care of a qualified health care provider, including the psychiatrist, Dr. Olsen, who repeatedly provided statements to Prudential documenting Mr. Chapin's disability.

COMPLAINT - 12



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

**DEFENDANTS WRONGFULLY DENIED MR. CHAPIN**
**STD BENEFITS**

33.    On approximately March 20, 2018, Mr. Chapin applied for STD benefits under Microsoft's STD Payroll Practice.

34.    In its capacity as Microsoft's agent, Prudential investigated Mr. Chapin's claim for STD benefits.

35.    In the course of Prudential's investigation, Prudential obtained documentation of Mr. Chapin's disability, including the documentation identified in Paragraph 29 of this Complaint.

36.    On or about May 18, 2019, Prudential denied Mr. Chapin's claim for STD benefits. Prudential concluded "The medical information provided for review does not disclose an impairment which would prevent you from performing the material and substantial duties of your regular occupation."

37.    Prudential's May 18, 2018 STD denial notice identified no basis for rejecting Mr. Chapin's treating providers' opinions that Mr. Chapin is disabled.

38.    Prudential's May 18, 2018 STD denial notice identified no evidence that Mr. Chapin is capable of continued employment.

39.    By letter dated September 13, 2018, Mr. Chapin submitted a voluntary appeal of Prudential's denial of his STD claim.

40.    Mr. Chapin's September 13, 2018 voluntary appeal reiterated that Mr. Chapin's disability is established by the diagnoses and opinions of Mr.

COMPLAINT - 13



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

Chapin's treating healthcare providers. Mr. Chapin's voluntary appeal requested Prudential communicate with Mr. Chapin's treating healthcare providers and consider their opinions.

41. On or about January 2, 2019, Prudential denied Mr. Chapin's voluntary appeal of Prudential's denial of his STD claim.

42. Prudential's January 2, 2019 denial notice identified no evidence suggesting Mr. Chapin's psychiatric conditions do not exist or suggesting Mr. Chapin is capable of performing his job duties at Microsoft despite his psychiatric conditions.

43. Prudential's January 2, 2019 denial notice rejected the opinions of Mr. Chapin's treating healthcare providers on the basis that, according to Prudential, claimants' treating providers "cannot be considered independent."

44. Microsoft's STD Payroll Practice does not support Prudential's categorical rejection of claimants' treating providers' opinions as not "independent." To the contrary, Microsoft's STD Payroll Practice mandates Prudential consider claimants' treating providers' opinions.

45. On April 22, 2019, Mr. Chapin submitted a voluntary second appeal of Prudential's denial of his STD claim. Mr. Chapin's voluntary second appeal explained Microsoft's STD Payroll Practice does not permit Prudential to categorically dismiss Mr. Chapin's treating providers as purportedly not

COMPLAINT - 14

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

"independent." Mr. Chapin's voluntary second appeal emphasized Prudential identified no evidence suggesting Mr. Chapin's psychiatric conditions do not exist or suggesting Mr. Chapin is capable of performing his job duties at Microsoft despite his psychiatric conditions.

46. By letter dated May 2, 2019, Prudential represented to Mr. Chapin that Prudential anticipated deciding Mr. Chapin's STD claim by June 5, 2019.

47. Prudential did not decide Mr. Chapin's STD claim by June 5, 2019.

48. On May 16, 2019, Mr. Chapin responded to Prudential's May 2, 2019 letter. Mr. Chapin reiterated his disability is established by medical documentation Prudential already possessed, that Prudential identified no medical evidence disputing Mr. Chapin's disability, and that Prudential could not categorically disregard Mr. Chapin's treating providers' opinions. Mr. Chapin stated no further information was needed for Prudential to reverse its denial of his STD benefit claim.

49. By letter dated June 5, 2019, Prudential claimed it needed additional time to decide Mr. Chapin's STD claim.

50. On June 14, 2019, Mr. Chapin responded to Prudential's June 5, 2019 letter regarding Mr. Chapin's STD claim. Mr. Chapin reiterated Prudential lacked any medical basis to dispute Mr. Chapin's disability. Mr. Chapin

COMPLAINT - 15



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

demanded Prudential pay STD benefits in accordance with Microsoft's STD Payroll Practice.

51. As of the date of filing this Complaint, Prudential has not stated when it will reach a decision regarding Mr. Chapin's STD claim.

**PRUDENTIAL REFUSED TO INVESTIGATE MR. CHAPIN'S LTD CLAIM IN VIOLATION OF THE PLAN AND ERISA**

52. On April 22, 2019, together with his voluntary second appeal of Prudential's denial of his STD claim, Mr. Chapin submitted a claim for LTD benefits under Prudential's LTD Insurance Policy. Mr. Chapin's LTD claim advised Prudential Mr. Chapin is entitled to LTD benefits based on the same documentation relied upon in Mr. Chapin's STD claim, including the information identified in Paragraph 29 of this Complaint.

53. The Plan and ERISA required Prudential decide Mr. Chapin's LTD claim within 45 days, *i.e.*, by June 6, 2019. *See* 29 C.F.R. § 2560.503-1(f)(3)

54. Prudential failed to decide Mr. Chapin's LTD claim by June 6, 2019.

55. Prior to June 6, 2019, Prudential never requested an extension of its deadline to decide Mr. Chapin's LTD claim.

56. By letter dated May 8, 2019, Prudential requested Mr. Chapin re-submit materially the same medical documentation Mr. Chapin previously submitted to Prudential.

COMPLAINT - 16



**PLAINTIFF LITIGATION GROUP, PLLC**
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

57.    Prudential's May 8, 2019 letter did not request additional time to investigate Mr. Chapin's LTD claim and did not state the date by which Prudential expected to render a decision regarding Mr. Chapin's LTD claim.

58.    On June 5, 2019, Mr. Chapin provided Prudential with additional statements from Mr. Chapin's treating providers as requested in Prudential's May 8, 2019 letter.

59.    On June 14, 2019, Mr. Chapin advised Prudential that Prudential's failure to decide Mr. Chapin's LTD claim by June 6, 2019 violated ERISA and its implementing regulation, 29 C.F.R. § 2560.503-1(f)(3).   Mr. Chapin requested Prudential provide a written explanation of its violation of Mr. Chapin's right to full and fair review of his LTD claim and requested Prudential affirm or deny coverage with respect to Mr. Chapin's LTD claim.

60.    By letter dated June 19, 2019, Prudential requested an extension of its deadlines under ERISA to decide Mr. Chapin's LTD claim.

61.    Prudential's June 19, 2019 letter failed to qualify for an extension of Prudential's deadline to decide Mr. Chapin's LTD claim.   Among other things, Prudential's June 19, 2019 letter: (i) was sent after the expiration of Prudential's initial deadline to decide Mr. Chapin's LTD claim; (ii) failed to identify reasons beyond Prudential's control requiring an extension; and (iii) failed to specify the

COMPLAINT - 17



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

date by which Prudential anticipated deciding Mr. Chapin's LTD claim. *See* 29 C.F.R. § 2560.503-1(f)(3).

62. On July 1, 2019, Mr. Chapin responded to Prudential's June 19, 2019 correspondence, stating:

> Prudential cannot delay determining Mr. Chapin's LTD claim by demanding yet another iteration of the same documentation Mr. Chapin has repeatedly provided Prudential. The medical records in Prudential's possession uniformly establish Mr. Chapin's entitlement to LTD benefits.

> ERISA mandates Prudential engage Mr. Chapin in a meaningful dialogue explaining, in plain English, why Prudential disputes Mr. Chapin's entitlement to LTD benefits. If Prudential disputes Dr. Olsen's opinion that Mr. Chapin is disabled, please explain why. If Prudential has no basis to dispute Dr. Olsen's opinion that Mr. Chapin is disabled, please state what medical information Prudential relies on for refusing to pay LTD benefits. If Prudential possesses any scrap of information that would give Prudential a good faith basis to refuse to pay Mr. Chapin's LTD claim, please identify that information.

63. Prudential never provided Mr. Chapin with the information requested in Mr. Chapin's July 1, 2019 letter.

64. Instead of identifying a basis to refuse to pay Mr. Chapin's LTD claim, on July 10, 2019, Prudential requested unspecified medical records for Mr. Chapin's treatment occurring after March 1, 2019 (*i.e.*, records reflecting Mr. Chapin's medical condition nearly a year after his disability commenced).

65. Additionally, Prudential's July 10, 2019 letter requested an extension of its deadlines under ERISA to decide Mr. Chapin's LTD claim.

COMPLAINT - 18

Prudential's July 10, 2019 letter failed to qualify for an extension of Prudential's deadline to decide Mr. Chapin's LTD claim.  Among other things, Prudential's July 10, 2019 letter: (i) was sent after the expiration of Prudential's initial deadline to decide Mr. Chapin's LTD claim; (ii) failed to identify reasons beyond Prudential's control requiring an extension; (iii) and failed to specify the date by which Prudential anticipated deciding Mr. Chapin's LTD claim.  *See* 29 C.F.R. § 2560.503-1(f)(3).

66.    By letter dated July 17, 2019, Mr. Chapin reiterated Prudential lacked any basis to dispute Mr. Chapin's disability.  Mr. Chapin demanded:

> Since Prudential lacks any basis to dispute Mr. Chapin's disability through March 1, 2019, Mr. Chapin requests Prudential immediately pay LTD benefits through March 1, 2019. Prudential's investigation of Mr. Chapin's post-March 1, 2019 disability provides no basis to withhold LTD benefits attributable to Mr. Chapin's pre-March 1, 2019 disability.

67.    Prudential's sole response to Mr. Chapin's July 17, 2019 letter was to schedule an examination of Mr. Chapin by Prudential's consulting physician for August 27, 2019.

68.    August 27, 2019 is 127 days from the date Mr. Chapin submitted his LTD claim.  The Plan and ERISA's implementing regulation contemplate an LTD claim be decided within a maximum of 105 days, even had Prudential qualified for the extensions Prudential improperly sought.  Consequently, any decision

COMPLAINT - 19



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

Prudential intended to ultimately render through the administrative process would grossly violate the decision-making timeframe permitted by ERISA and the Plan.

69.    As of the date of filing this Complaint, Prudential has never stated when Prudential will render a decision on Mr. Chapin's LTD claim.

70.    As of the date of filing this Complaint, Prudential has never answered Mr. Chapin's July 1, 2019 request that "If Prudential possesses any scrap of information that would give Prudential a good faith basis to refuse to pay Mr. Chapin's LTD claim, please identify that information."

## PRUDENTIAL'S REFUSAL TO PAY BENEFITS OR PROPERLY INVESTIGATE MR. CHAPIN'S CLAIMS HARMS MR. CHAPIN

71.    Lacking disability benefits has placed Mr. Chapin in financial jeopardy.

72.    Employment with Microsoft is Mr. Chapin's principal source of income.

73.    Mr. Chapin is not receiving his normal wages from Microsoft.

74.    Lacking his normal wages, Mr. Chapin has had to liquidate assets in his retirement funds to pay expenses.

75.    Lacking Mr. Chapin's pre-disability income, Mr. Chapin's wife has had to work longer hours than normal to help support their family.

COMPLAINT - 20



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

76. Because of their financial situation, Mr. Chapin and his wife have declined elective health care treatment to avoid paying deductibles.

77. Prudential's failure to properly investigate Mr. Chapin's claims exacerbates Mr. Chapin's precarious financial situation by frustrating Mr. Chapin's receipt of disability benefits he earned through working at Microsoft.

**MR. CHAPIN EXHAUSTED HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO HIS LTD CLAIM**

78. By its conduct alleged throughout this Complaint, Prudential violated the reasonable claims-handling procedures mandated by ERISA, including, *inter alia*:

a. Failing to notify Mr. Chapin of Prudential's decision on Mr. Chapin's LTD claim within 45 days, as required by the Plan and 29 C.F.R. § 2560.503-1(f)(3);

b. Improperly attempting to extend the deadline to decide Mr. Chapin's LTD claim after the deadline had elapsed, without providing a basis beyond Prudential's control for seeking the extension, and without providing a date Prudential anticipated deciding Mr. Chapin's LTD claim, in violation of the Plan and 29 C.F.R. § 2560.503-1(f)(3);

c. refusing to engage Mr. Chapin in a meaningful dialogue regarding Prudential's basis for refusing to pay LTD benefits and investigation of his LTD claim; and

COMPLAINT - 21



    d.  Improperly disregarding Mr. Chapin's treating providers' opinions while possessing no contrary medical information, in violation of the Plan, which provides "Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from your doctors," and in violation of 29 C.F.R. § 2560.503-1(g)(1)(viii)(A)(i), which requires Prudential have a basis for disregarding Mr. Chapins' treating providers' opinions.

79.   Mr. Chapin's LTD claim is deemed denied by operation of Prudential's violations of the Plan and ERISA, thereby exhausting Mr. Chapin's administrative remedies.

## CAUSES OF ACTION

### COUNT I
### ERISA CLAIM FOR LTD BENEFITS
### (Against all Defendants)

80.   Mr. Chapin incorporates the foregoing paragraphs by reference and restates them as if fully set forth herein.

81.   ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits Plaintiff Chapin to bring an action to recover benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

COMPLAINT - 22



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

82. As alleged throughout this Complaint, Mr. Chapin was entitled to LTD benefits under the terms of Prudential's LTD Insurance Policy.

83. As alleged throughout this Complaint, Defendants failed to investigate Mr. Chapin's LTD claim in compliance with ERISA and the Plan.

84. As alleged throughout this Complaint, Defendants violated the full and fair review provisions of ERISA § 503, 29 U.S.C. § 1133, and the U.S. Department of Labor regulation thereunder, 29 C.F.R. 2560.503-1, including, *inter alia*, by:

    a. Failing to notify Mr. Chapin of Prudential's decision on Mr. Chapin's LTD claim within 45 days, as required by the Plan and 29 C.F.R. § 2560.503-1(f)(3);

    b. Improperly attempting to extend the deadline to decide Mr. Chapin's LTD claim after the deadline had elapsed, without providing a basis beyond Prudential's control for seeking the extension, and without providing a date Prudential anticipated deciding Mr. Chapin's LTD claim, in violation of the Plan and 29 C.F.R. § 2560.503-1(f)(3);

    c. refusing to engage Mr. Chapin in a meaningful dialogue regarding Prudential's basis for refusing to pay LTD benefits; and

    d. Improperly disregarding Mr. Chapin's treating providers' opinions while possessing no contrary medical information, in violation of the

COMPLAINT - 23



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

Plan, which provides "Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from your doctors," and in violation of 29 C.F.R. § 2560.503-1(g)(1)(viii)(A)(i), which requires Prudential have a basis for disregarding Mr. Chapins' treating providers' opinions.

85.    Defendants' failure to follow the Plan and to follow the full and fair review provisions of ERISA as alleged above breached Defendants' fiduciary duties to Mr. Chapin.

86.    As a result of Defendants' violations of ERISA and the Plan, Mr. Chapin suffered actual harm, as he was denied benefits to which he was entitled under the Plan, was deprived of the legal protections guaranteeing his right to full and fair review of his LTD claim, and incurred attorneys' fees and costs.

## COUNT II
## ERISA CLAIM FOR INJUNCTIVE RELIEF
### (Against all Defendants)

87.    Mr. Chapin incorporates the foregoing paragraphs by reference and restates them as if fully set forth herein.

88.    ERISA, 29 U.S.C. § 1132(a)(3), permits Mr. Chapin to seek an injunction or other appropriate equitable relief to redress violations of ERISA or the Plan.

89.    As alleged throughout this Complaint, Defendants' violations of ERISA and the Plan deprive Mr. Chapin and other claimants of ERISA's

COMPLAINT - 24

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

protections, including the right to full and fair review within the timelines enunciated under 29 C.F.R. § 2560.503-1(f) and in compliance with the Plan.

90. Mr. Chapin's disability is ongoing and has no concrete end date. Absent meaningful declaratory and injunctive relief, Mr. Chapin remains at risk of future violations of his right under ERISA to full and fair review of claims for benefits in compliance with the Plan.

91. Accordingly, Mr. Chapin requests the Court declare that Defendants' misconduct alleged herein violates ERISA and the Plan, and enter an injunction compelling Defendants to correct their claims-handling policies to comply with the Plan and ERISA.

**COUNT III**
**CLAIM FOR STD BENEFITS UNDER RCW 49.52.070.**
**(Against Defendant Microsoft)**

92. Mr. Chapin incorporates the foregoing paragraphs by reference and restates them as if fully set forth herein.

93. Mr. Chapin met the criteria for STD benefits under Microsoft's STD Payroll Practice, as alleged throughout this Complaint.

94. STD benefits under Microsoft's STD Payroll Practice are available only to Microsoft employees.

COMPLAINT - 25



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

95.    Mr. Chapin's entitlement to STD benefits in compliance with the terms of Microsoft's STD Payroll Practice exists by reason of Mr. Chapin's employment with Microsoft.

96.    Mr. Chapin's STD benefits under Microsoft's STD Payroll Practice constitute wages under Washington law.  *See* RCW 49.46.010(7).

97.    Microsoft, by and through its agent Prudential, willfully refused to pay Mr. Chapin STD benefits.

98.    Accordingly, Microsoft is liable to Mr. Chapin for the unpaid STD benefits owed to Mr. Chapin, double damages, and attorneys' fees, costs and expenses.

## COUNT IV
## NEGLIGENCE
### (Against Defendant Prudential)

99.    Mr. Chapin incorporates the foregoing paragraphs by reference and restates them as if fully set forth herein.

100.    Prudential owed a duty to Mr. Chapin to exercise reasonable care in processing Mr. Chapin's claim for STD benefits under Microsoft's STD Payroll Practice.

101.    Prudential owed a duty to Mr. Chapin to process Mr. Chapin's STD benefit claim in compliance with the terms of Microsoft's STD Payroll Practice.

COMPLAINT - 26



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

102.   Upon information and belief, Prudential is signatory to contractual agreements with Microsoft governing Prudential's handling of claims under Microsoft's STD Payroll Practice.

103.   Upon information and belief, Prudential's contractual agreements with Microsoft require Prudential to undertake to process claims under Microsoft's STD Payroll Practice using reasonable care and in compliance with professional claims-handling standards.   These contractual provisions benefit Microsoft employees including Mr. Chapin.

104.   By its misconduct in handling Mr. Chapin's STD claim as alleged throughout this Complaint, Prudential breached its duties to Mr. Chapin.

105.   Prudential's breach of its duty to exercise reasonable care in handling Mr. Chapin's STD claim caused harm to Mr. Chapin.   Prudential's misconduct deprived Mr. Chapin of STD benefits under Microsoft's STD Payroll Policy, exacerbated Mr. Chapin's precarious financial situation, and inflicted additional psychological harm compounding Mr. Chapin's disability.

106.   As a consequence of Prudential's negligence, Mr. Chapin sustained damages in an amount to be proved at trial.

COMPLAINT - 27



PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.    Entry of judgment in favor of Plaintiff and against Defendants on Plaintiff's claims;

B.    An order directing that Defendants pay Plaintiff all benefits due under the LTD Insurance Policy;

C.    An order declaring Plaintiff's rights to LTD benefits under the terms of the Plan, and clarifying his right to future benefits under the terms of the Plan;

D.    Declaratory and injunctive relief restraining Defendants from future violations of ERISA and the Plan;

E.    An order directing that Microsoft pay Plaintiff all paid STD leave under Microsoft's STD Payroll Policy;

F.    An award of double damages against Microsoft pursuant to RCW 49.52.070;

G.    An award of general and special damages against Prudential in an amount to be proved at trial;

H.    An award of pre-judgment interest;

I.    An award of Plaintiff's attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) and/or RCW 49.52.070; and

COMPLAINT - 28

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702

J.     All such other and further relief as this Court deems just and proper.

Dated:          August 9, 2019              Respectfully submitted,


**PLAINTIFF LITIGATION GROUP, PLLC**


*s/McKean J. Evans*
McKean J. Evans, WSBA #52750


*s/Isaac Ruiz*
Isaac Ruiz, WSBA #35237

95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702
mevans@plaintifflit.com
iruiz@plaintifflit.com


*Counsel for Plaintiff*

COMPLAINT - 29

PLAINTIFF LITIGATION GROUP, PLLC
95 S Jackson Street, Suite 100
Seattle, WA 98104
Tel. 206-203-9100
Fax 206-785-1702