HON. JUDGE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CHRISTOPHER RICHARD CHAPIN,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MICROSOFT CORPORATION, and the MICROSOFT CORPORATION WELFARE PLAN,

Defendants.

No. 2:19-cv-01256-RAJ

CHAPIN'S MOTION FOR ATTORNEYS' FEES, COSTS, AND INTEREST

NOTE ON MOTION CALENDAR:
April 30, 2021

## I. INTRODUCTION AND RELIEF REQUESTED

Following the Court's award of disability insurance benefits and injunctive relief (Dkt. No. 60), Plaintiff Christopher Richard Chapin seeks his attorneys' fees and litigation costs under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132(g). The Court's ruling and attendant determination that Defendant Prudential Insurance Company of America violated its fiduciary duties entitles Chapin to recover a reasonable attorneys' fee as well as interest at a rate sufficient to redress the harm inflicted by Prudential's misconduct. The expert opinions of attorneys Franklin D. Cordell and Mel Crawford demonstrate that Chapin's counsel's $475 hourly rate and 236.35 hours expended in this litigation are reasonable for the

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 1

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

work required to overcome Prudential's opposition and obtain this result. The Court should grant this motion, award Chapin these attorneys' fees, award the additional fees incurred in bringing this motion, award litigation costs, and award post-judgment interest at 11.61 percent.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit challenged Prudential's refusal to pay Chapin's long-term disability ("LTD") insurance benefits, consider his treating doctors' opinions, engage in a meaningful dialogue, or render a timely decision on the claim. Dkt. No. 1 and 60 at 11-14. To prepare the case for litigation, Chapin's counsel confirmed his right to immediate judicial review under ERISA and prepared the 29-page complaint. Declaration of McKean J. Evans ("Evans Dec."), ¶ 18. After filing, counsel reviewed the 1449-page administrative record and performed other tasks needed to lay the foundation for dispositive motions. Evans Dec. ¶ 19. This included coercing Prudential's stipulation that Chapin had exhausted his administrative remedies by preparing a summary judgment motion. Evans Dec., ¶¶ 21-29; Dkt. No. 60 at 14, n.1 (citing Dkt. No. 30).

Thereafter, Chapin brought his Motion for Judgment on the Administrative Record seeking: (1) LTD benefits; and (2) an injunction barring Prudential from refusing to consider claimants' treating providers' opinions. Evans Dec. ¶ 30; Dkt. No. 49. Prudential opposed this relief and brought a Motion for Summary Judgment seeking dismissal of the entire action. Dkt. No. 44, 51 and 54.

The Court granted both forms of relief sought in Chapin's motion and denied Prudential's motion entirely. Dkt. No. 60 at 20-21. The Court described Prudential's conduct as "unjustifiable", "inexplicable", and "improper." *Id*. at 17-19.

### III. STATEMENT OF ISSUES

1. Having prevailed on both of his claims in this lawsuit, should Chapin recover a reasonable attorneys' fee and costs? **Yes**.

2. Do Chapin's counsel's experience litigating ERISA claims, excellent reputation in the legal community, and results achieved here support counsel's $475 hourly rate? **Yes**.

3. Were the 236.35 hours Chapin's counsel expended in overcoming the multitude of arguments Prudential advanced against recovery, and the additional time incurred in bringing this motion, reasonable? **Yes.**

4. Is pre-judgment interest at the rate of 11.61 percent warranted to compensate Chapin for the harm inflicted by Prudential's misconduct? **Yes**.

### IV. AUTHORITY AND ARGUMENT

**A.  ERISA permits prevailing plaintiffs to recover their attorneys' fees.**

Congress wants ERISA plan participants like Chapin to have effective access to federal courts to protect their benefits. *Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 589 (9th Cir. 1984) (citing 29 U.S.C. § 1001(b) and S.Rep. No. 93–127). Plan participants typically possess limited monetary resources, so vindicating this intent this requires awarding successful claimants their attorneys' fees. *Id*. at 590 (citing *Hall v. Cole*, 412 U.S. 1, 13, 93 S.Ct. 1943, 1950, 36 L.Ed.2d 702 (1973)). "Without some prospect of compensating their attorneys along the way, ERISA litigants may face difficulty both securing counsel initially and retaining counsel as proceedings move forward." *Gross v. Sun Life Assur. Co. of Canada*, 763 F.3d 73, 82 (1st Cir. 2014) (citing *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 998 (8th Cir. 1999)).

To that end, ERISA makes attorneys' fees and costs available to plaintiffs obtaining at least "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S.

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 3

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

242, 255, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010) (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S. Ct. 3274, 3282, 77 L. Ed. 2d 938 (1983)). Claimants crossing this threshold are entitled to fees at the Court's discretion, which is guided by the factors identified in *Hummell v. S.E. Rykoff & Co.*:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010) (quoting *Hummelll v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980)). No one factor is decisive, and not all factors need be present to award fees. *Carpenters Southern California Administrative Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir. 1984) (citing *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)). These factors should be "'liberally construed in favor of protecting participants in employee benefits plans." *Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1250 (N.D. Cal. 2008) (quoting *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1148 (9th Cir. 2003)). Under this standard, prevailing ERISA plaintiffs are entitled to attorneys' fees absent "special circumstances." *Smith*, 746 F.2d at 590.

The Court calculates the amount of fees (i.e., the "lodestar") by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999), and *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990)). The lodestar is presumptively reasonable and may be adjusted only in exceptional circumstances. *Id*. (citing *Blum v. Stenson*, 465 U.S. 886, 898–901, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984),

CHAPIN'S MOTION FOR ATTORNEYS' FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 4

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

*Hensley*, 461 U.S. at 434 n. 9, *Penn. v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), *D'Emanuele*, 904 F.2d at 1384, 1386, and *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988)). The party claiming fees has the burden to demonstrate the hours and rates were reasonable. *Id*. (citing *Hensley*, 461 U.S. at 433).

**B.   The Court should award fees because Chapin succeeded on the merits and all *Hummelll* factors favor awarding fees.**

Chapin clears the ERISA fee threshold: recovering LTD benefits and injunctive relief constitutes more than "some" success on the merits." *Hardt*, 560 U.S. at 256. And all five *Hummell* factors—addressed in order of relevance—favor awarding fees.

First, the relative merits of the parties' positions, *Hummell*, 643 F.2d at 453, supports a fee award in light of the Court's adjudication of this dispute's "central issue[s]" in Chapin's favor and particularly given the Court "did not rule in favor of the defendant[] on any major legal issue." *Mull v. Motion Picture Indus. Health Plan*, LA CV 12-06693-VBF, 2017 WL 748980, at *8 (C.D. Cal. Feb. 27, 2017). The Court swept aside Prudential's contention that Chapin failed to prove disability by agreeing with Chapin that "Prudential could only reach this conclusion by ignoring the opinions of Plaintiff's treating doctor, psychiatrist, and therapist." Dkt. No. 60 at 19:1-2. The Court declined to find that is isolated references to physical recreation supported Prudential's assertion. *Id*. at 19:17-25 (citing Dkt. No. 51 at 8). The Court rejected Prudential's claim that it adequately investigated Chapin's disability. *Id*. at 18:10-11. The Court entered injunctive relief over Prudential's objections. *Id* at 3-4 and 20.

Second, the Court's determination that Prudential's handling of Chapin's LTD claim was "unjustifiable", "inexplicable", "improper", and a violation of its fiduciary duties (Dkt. No.

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 5

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

60 at 19, citations omitted) establishes culpability. *Hummell*, 643 F.2d at 453. This factor does not require bad faith or malice but only more than mere negligence. *Smith*, 746 F.2d at 590; *Richardson v. IBEW Pac. Coast Pension Fund*, C19-0772JLR, 2020 WL 3639625, at *8 (W.D. Wash. July 6, 2020) (quoting *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., Inc.*, 33 F.3d 253, 256 (3d Cir. 1994)).

Third, awarding fees will deter Prudential and other claims administrators from repeating this misconduct in other claims. *Hummell*, 643 F.2d at 453; *Paulson v. Principal Life Ins. Co.*, 16-5268 RJB, 2017 WL 4843837, at *3 (W.D. Wash. Oct. 26, 2017). This deterrent effect is critical because ERISA authorizes no compensatory or punitive damages that could discourage such misconduct. *Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1033 (N.D. Cal. 2011) (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), *Russell*, 726 F.2d at 1416, and *Caplan*, 573 F. Supp. 2d at 1248)).

Fourth, Chapin benefitted all Plan participants and beneficiaries, *Hummell*, 643 F.2d at 453, by obtaining an injunction barring Prudential's practice of dismissing treating providers' opinions as *per se* unreliable (Dkt. No. 60 at 20). *Toth v. INA Life Ins. Co. of New York*, CV 08-653-JE, 2010 WL 170260, at *3 (D. Or. Jan. 13, 2010). Prudential's vigorous defense of this conduct in litigation demonstrates the injunction is necessary to protect other Plan participants.

Fifth, Prudential had $6.4 billion in liquid assets as of December 31, 2020. Evans Dec. Ex. G (Prudential Annual Report, page 81). It can readily satisfy a fee award. *Hummell*, 643 F.2d at 453.

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 6

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

**C.    Chapin's lodestar is reasonable and consistent with fee awards in similar cases.**

**1.    Chapin's counsel's $475 hourly rate is reasonable.**

The Court must determine a reasonable hourly rate by considering counsel's qualifications and prevailing market rates. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (citing *Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992), *opinion vacated in part on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993) and *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006)). The $475 hourly rate Chapin seeks for his counsel is warranted by counsel's qualifications, skill, and reputation. Chapin's attorney, McKean J. Evans, has 11 years' experience with ERISA litigation comprising a substantial part of his practice. Evans Dec. ¶¶ 5-9. His ERISA practice enjoys an excellent reputation in the Seattle legal community. Declaration of Mel Crawford ("Crawford Dec."), ¶ 27. Evans is a frequent author and speaker regarding ERISA and insurance litigation. Evans Dec. ¶¶ 10-11. While a substantial proportion of his cases are taken on a contingency fee basis, Evans is occasionally retained on an hourly fee basis at his normal rate. *Id*. ¶ 12.

Courts have found that these qualifications support Evans' hourly rate. In 2020, the Honorable Judge David Keenan of King County Superior Court approved Evans' $475 hourly rate as reasonable. Evans Dec. ¶ 13 and Ex. A. In 2017, the U.S. District Court for the District of Massachusetts approved Evans' then-current hourly rate of $375 per hour. *Id*. ¶ 14 and Ex. B. The increase from Evans' 2017 rate is commensurate with the increase in legal fees in recent years. Declaration of Franklin D. Cordell ("Cordell Dec."), ¶ 14.

Attorneys Cordell and Crawford confirm that Evans' $475 hourly rate is reasonable in light of his qualifications, skill and experience. Cordell Dec., ¶¶ 9-14; Crawford Dec. ¶ 24. These attorneys understand the prevailing local rates. Cordell Dec., ¶¶ 3-4 and 10; Crawford

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 7

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

Dec., ¶¶ 4-5 and 8-11. Crawford, an experienced ERISA attorney, concludes that Evans "is one of the few Seattle-area attorneys able to pursue ERISA claims skillfully and diligently." Crawford Dec., ¶ 27. Cordell opines that Evans' qualifications are comparable to those of Seattle insurance coverage attorneys charging between $475 and $630 per hour. Cordell Dec. ¶¶ 11 and 13.

The excellent results achieved here support that conclusion by demonstrating the quality of representation. *Van Gerwen*, 214 F.3d at 1046 (citing *Blum*, 465 U.S. at 899). Obtaining success on both of Chapin's claims in the face of Prudential's multitude of arguments against recovery required a high degree of skill and diligence. Cordell Dec., ¶ 13; Crawford Dec., ¶ 28. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435.

This is consistent with prevailing local rates for ERISA litigation, a field courts recognize is "complex" and requires "specialized experience and expertise." *Campbell v. United of Omaha Life Ins. Co.*, 283 F. Supp. 3d 1138, 1147 (N.D. Ala. 2017) (quoting *Rosario v. King & Prince Seafood Corp.*, 2010 WL 11519378, *6 (S.D. Ga. July 15, 2010). This Court and other courts in this District have approved a $500 hourly rate for lead attorneys in similar ERISA lawsuits. *Bunger v. Unum Life Ins. Co. of Am.*, 231 F. Supp. 3d 865, 872 (W.D. Wash. 2017); *Flaaen v. Principal Life Ins. Co.*, C15-5899 BHS, 2017 WL 6527144, at *4 (W.D. Wash. Dec. 21, 2017), *appeal dismissed sub nom.*, 2018 WL 1941322 (9th Cir. Mar. 14, 2018). Other courts in this Circuit have approved similar rates. *See Leetzow v. Metro. Life Ins. Co.*, EDCV152468VAPKKX, 2017 WL 1231719, at *3 (C.D. Cal. Mar. 3, 2017) (approving $575-600 hourly rates for ERISA attorney with 11 years' experience). This is also consistent with the Court's recent ruling, in a non-ERISA matter, that hourly rates between $400 and $500 were

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 8

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

reasonable for attorneys with nine to 11 years' experience. *Black Lives Matter Seattle-King Cty. v. City of Seattle, Seattle Police Dep't*, 2:20-CV-00887-RAJ, 2021 WL 289334, at *8 (W.D. Wash. Jan. 28, 2021).

**2.  Chapin's counsel reasonably expended 236.35 hours in obtaining success.**

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Counsel's hours are maintained in contemporaneous electronic time records. Evans Dec. ¶ 17 and Ex. C. This fee request omits time incurred in the pre-suit administrative process and time specific to Chapin's short-term disability claim against Microsoft. *Id*. The remaining time incurred in this matter was reasonable and necessary to obtain the benefits and injunctive relief awarded in this litigation, as Attorney Crawford confirms. Crawford Dec. ¶¶ 13-23.

This included time reasonably spent preparing the lawsuit and laying the foundation for dispositive motions. Counsel spent 25.67 hours confirming Chapin's right to judicial review and drafting the 29-page complaint. Evans Dec. ¶ 18. This was time-intensive because the evolving legal standard required up-to-date research. Crawford Dec. ¶ 15. Counsel expended an additional 45.01 hours on the early stages of litigation including reviewing the 1449-page administrative record. Evans Dec. ¶ 19.

Clearing the underbrush for a decision on the merits also required coercing Prudential's stipulation that Chapin had exhausted his administrative remedies by spending 67.87 hours preparing a summary judgment motion. Evans Dec. ¶¶ 21-29; Crawford Dec. ¶¶ 17-18. Chapin's counsel proposed early in the case that Prudential stipulate that Chapin had exhausted his administrative remedies. Evans Dec. ¶ 25 and Ex. E p. 2-3. Prudential refused, emphasizing:

"we do not concede that Plaintiff has exhausted his administrative remedies as to his LTD claim." Evans Dec. ¶¶ 23-28 and Ex. F at 13. Prudential maintained this position even after learning (through an 11th hour phone call as counsel was in the process of filing the summary judgment motion) that Chapin's counsel was prepared to proceed with the motion. Evans Dec. ¶ 27; Ex. D; Ex. F at 5, 7. Prudential stipulated to administrative exhaustion only after Chapin's counsel refused to delay filing the motion any further. Evans Dec. ¶¶ 28-29 and Ex. E, p. 1-4.

Finally, Chapin's counsel reasonably expended 97.8 hours briefing the parties' cross-motions for judgment and related tasks. Evans Dec. ¶ 30. This briefing was time-intensive because of the numerous arguments advanced by Prudential and the dense and disorganized administrative record. *See* Crawford Dec. ¶¶ 19-22; Cordell Dec. ¶ 13. Counsel was able to reduce the time incurred by relying on portions of the draft summary judgment motion regarding administrative exhaustion to respond to Prudential's contention that Chapin failed to participate in the administrative process. Evans Dec. ¶ 31.

The Court should also award fees for time incurred in bringing this motion. *D'Emanuele*, 904 F.2d at 1387–88. Chapin incurred 25.1 additional hours in preparing this motion and conferring with Prudential and will submit time entries for work incurred in connection with this motion and any reply brief in a supplemental declaration. Evans Dec. ¶ 35.

### 3.  The lodestar resembles fee awards in similar litigation.

Chapin's total lodestar, including time incurred preparing this motion, is $124,188.75. Chapin seeks no upward adjustment, and no exceptional circumstances warrant a downward adjustment. *Van Gerwen*, 214 F.3d at 1045. Comparing Chapin's lodestar with recent awards in similar cases confirms the requested fee is reasonable. *See Flaaen*, 2017 WL 6527144, at *5 (approving $137,294 in fees following award of disability benefits); *James v. AT&T W.*

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 10

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

*Disability Benefits Program*, 12-CV-06318-WHO, 2014 WL 7272983, at *1 (N.D. Cal. Dec. 22, 2014) (awarding $181,962.70 in fees following judgment awarding LTD benefits); *Harrison v. Metro. Life Ins. Co.*, 13-CV-05585-VC, 2016 WL 4414851, at *3 (N.D. Cal. June 21, 2016) (awarding $115,298 in fees after insurer reversed its benefit denial voluntarily after plaintiff filed suit).

**D.      Pre-judgment interest at the rate of 11.61 percent is warranted.**

The Court has discretion to deviate from the default federal court interest rate where the benefit denial deprives the claimant of the opportunity to invest funds at a rate of return exceeding the default federal interest rate. *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627–28 (9th Cir. 2007) (citing *Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001)). Prudential's benefit denial deprived Chapin of the opportunity to invest in a portfolio returning 11.61 percent annually during the relevant period. Declaration of Christopher Richard Chapin, ¶ 6. Lacking his normal wages and the Prudential disability benefits, Chapin was forced to withdraw $15,000 from his retirement investments to pay taxes. *Id*. ¶ 3. Chapin was also unable to contribute the full amount to his retirement accounts. *Id*. ¶¶ 4-5.

An award of interest at a rate commensurate with these lost investment opportunities is warranted to make Chapin whole. *Blankenship*, 486 F.3d at 627–28. This will also compensate Chapin for the additional harm sustained that is not readily quantifiable, such as forgoing elective medical treatment and discretionary purchases. Dkt. No. 40, ¶ 8. Alternatively, interest at the higher rate should be awarded under the equitable remedy of surcharge for Prudential's violations of its duties as an ERISA fiduciary. *CIGNA Corp. v. Amara*, 563 U.S. 421, 444, 131 S. Ct. 1866, 1881, 179 L. Ed. 2d 843 (2011).

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 11

R\ᴜɪᴢ & Sᴍᴀʀᴛ PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

E.   **The Court should award Chapin's litigation costs.**

ERISA authorizes successful claimants an award of litigation costs that are traditionally billed to clients separately from an attorneys' hourly fees. 29 U.S.C. § 1132(g); *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1259 (9th Cir. 2006) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 287, n.9, 109 S. Ct. 2463, 2471, 105 L. Ed. 2d 229 (1989)). Chapin incurred $412.00 in such costs. Evans Dec. ¶ 32 and Ex. C. These are reasonable and should be awarded to make Chapin whole.

V.   **CONCLUSION**

Defeating Prudential's multitude of arguments against Chapin's benefit and injunctive relief claims required devoting significant time to the voluminous administrative record and complex legal issues. The results obtained reflect a high degree of skill. The Court should grant this motion and award Chapin's requested attorneys' fees and costs.

**Pursuant to the Court's Standing Order, I certify that Chapin sought to resolve the issues presented in this motion without the Court's intervention, including through a telephone call with Prudential's counsel on March 25, 2021.**

Respectfully Submitted April 12, 2021.

**RUIZ & SMART PLLC**

By: */s McKean J. Evans*
McKean J. Evans, WSBA #52750

Isaac Ruiz, WSBA #35237
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100
Fax. 206-785-1702
iruiz@ruizandsmart.com
mevans@ruizandsmart.com

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 12

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

*Counsel for Plaintiff Chapin*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CHAPIN'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND INTEREST
(No. 2:19-cv-01256) - 13

**Ruiz & Smart PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702