The Honorable Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTOPHER RICHARD CHAPIN,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MICROSOFT CORPORATION, and the MICROSOFT CORPORATION WELFARE PLAN,<br><br>Defendants. | Case No. 2:19-CV-01256-RAJ<br><br>**DEFENDANT PRUDENTIAL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND INTEREST**<br><br>NOTE ON MOTION CALENDAR:<br><br>April 30, 2021 |

I. **INTRODUCTION**

Plaintiff seeks attorney's fees, costs, and interest because the Court granted his Rule 52 motion for judgment on the administrative record and awarded him long-term disability benefits under ERISA. (Dkt. 60). Plaintiff, however, is not entitled to all of the fees he seeks. His requested hourly rate is not reasonable, the hours his attorney spent on certain tasks are excessive, and many of the time entries consist of impermissible block billing. Further, the interest rate Plaintiff seeks is too high, and he has not provided sufficient evidence to support a departure from the prejudgment interest rate courts regularly apply in ERISA cases.

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1

Prudential respectfully requests that the Court reduce Plaintiff's request for attorney's fees as outlined below, and apply the default federal interest rate provided by 28 U.S.C. § 1961 in awarding prejudgment interest.

## II. ARGUMENT

### A. Plaintiff Is Not Entitled to the Total Amount of Attorney's Fees He Seeks.[1]

To determine the appropriate fee award, the Court is required to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the 'lodestar.'" *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The Court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) *abrogated in part by Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1546 n. 4 (9th Cir. 1992); *Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1249 (N.D. Cal. 2008). Further, the Court should reduce attorneys' fees where the hours were not reasonably expended. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). Here, Plaintiff's request is unreasonable due to both the hourly rate and hours claimed. The Court should further reduce any award due to improper block billing, which makes it impossible to verify that the time ostensibly spent on the matter was reasonable.

---

[1] While Prudential does not challenge that Plaintiff is entitled to an award of attorney's fees under the applicable ERISA standard, it does not concede Plaintiff's arguments regarding the weighing of the factors under *Hummelll v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). (Motion at 5, line 8, and 6, line 21.)

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402

119219.0041/8427601.1

1. The Requested Hourly Rate Is Not Reasonable.

As to a reasonable hourly rate, the Court makes its determination, "considering the experience, skill, and reputation of the attorney requesting fees." *Welch*, 480 F.3d at 946. In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff's counsel's ("Mr. Evans") requested rate of $475 is not reasonable here given that he has only been in private practice for approximately nine years. Mr. Evans graduated from law school in 2010, served as a law clerk in Pennsylvania state court for two years, and only then started practicing in 2012. (Dkt. 65 at 2.) While Mr. Evans notes that this Court and other courts in this District have approved a $500 hourly rate "for lead attorneys in similar ERISA lawsuits," Motion at 8, the lead attorneys in these cases had far more experience than Mr. Evans. In *Bunger v. Unum Life Ins. Co. of Am.*, 231 F. Supp. 3d 865 (W.D. Wash. 2017) (Jones, J.) (hourly rate of $500 approved), plaintiff's counsel had been representing ERISA plan participants in disability benefits cases since 1994, more than 23 years. (Dkt. 64 at 1-2.) Similarly, at the time of the award, the lead attorneys in *Flaaen* had 10-14 years of experience than Mr. Evans. *See Flaaen v. Principal Life Ins. Co.*, No. C15-5899 BHS, 2017 WL 6527144, at *5 (W.D. Wash. Dec. 21, 2017) (approving hourly rates of $500 and $450 for attorneys with 19 and 25 years of experience, respectively). *See also Paulson v. Principal Life Ins. Co.*, No. 16-5268 RJB, 2017 WL 4843837, at *4 (W.D. Wash. Oct. 26, 2017) (same). These attorneys are thus not comparable to Mr. Evans. *See Gates*, 987 F.2d at 1405 (rates of comparable attorneys in the forum district are usually used).

Further, the declarations of Mel Crawford and Franklin Cordell do not support an hourly rate of $475/hour for an attorney with Mr. Evans' experience. (Dkt. 63-64.) While Mr. Crawford attests that Mr. Evans' requested hourly rate is reasonable based on his own "experience litigating ERISA disability cases in the Seattle area," he does not provide any specific reference point for

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1

his opinion, other than his own $600/hr fee as an attorney with over 28 years of experience. (Dkt. 64 at 7.) Mr. Cordell claims that he recently surveyed "highly qualified policyholder-side insurance coverage litigators in Seattle" and found that the hourly rates charged ranged from $475 to $630. (Dkt. 63 at 4.) This is inadmissible hearsay. Fed. Civ. Evid 802. Even if it were admissible, the attorneys he does identify all have much more experience than Mr. Evans -- Ian Birk of Keller Rohrback (admitted to the Washington bar in 2001)[2]; Michael Moore of Corr Cronin (admitted in 1997)[3]; Richard Dykstra of Friedman Rubin (admitted in 1973)[4]; Todd Hayes of Harper & Hayes (admitted in 1996)[5]; Dale Kingman of Gordon Tilden Thomas & Cordell, LLP (admitted in 1976)[6]; and Mr. Cordell (practicing in the insurance coverage area since 1991, hourly rate of $550) (Dkt. 63 at 2). (Dkt. 63 at 4.) If they show anything, the declarations Mr. Evans submitted show that the reasonable hourly rate for an attorney with his experience would be lower.

Finally, the Massachusetts case in which Mr. Evans was awarded an hourly rate of $375 in 2017 is not relevant here, as it was in a different jurisdiction. *See Bell*, 341 F.3d at 868 (in determining hourly rates, court must look to the "prevailing market rates in the relevant community."). And while Mr. Evans has provided a court order from the Superior Court of Washington in and for King County upholding his rate of $475/hour, he does not provide any

---

[2] *See* Legal Profile for Ian S. Birk, Washington State Bar Association, available at https://mywsba.org/PersonifyEbusiness/LegalDirectory/LegalProfile.aspx?Usr_ID=000000031431 (last visited April 20, 2021).
[3] *See* Legal Profile of Michael A. Moore, Washington State Bar Association, available at https://mywsba.org/PersonifyEbusiness/LegalDirectory/LegalProfile.aspx?Usr_ID=000000027047 (last visited April 20, 2021).
[4] *See* Legal Profile of A. Richard Dykstra, Washington State Bar Association, available at https://mywsba.org/PersonifyEbusiness/LegalDirectory/LegalProfile.aspx?Usr_ID=000000005114 (last visited April 20, 2021); Biography of Richard Dykstra, available at https://friedmanrubin.com/attorneys/of-counsel/richard-dykstra/ (last visited April 19, 2021) (practicing for over 35 years).
[5] *See* Legal Profile of Todd Christopher Hayes, Washington State Bar Association, available at https://mywsba.org/PersonifyEbusiness/LegalDirectory/LegalProfile.aspx?Usr_ID=000000026361 (last visited April 20, 2021); Biography of Todd Hayes, available at https://www.harperhayes.com/todd-hayes/ (last visited April 19, 2021) (received his law degree in 1996).
[6] *See* Legal Profile of Dale Lawrence Kingman, Washington State Bar Association, available at https://mywsba.org/PersonifyEbusiness/LegalDirectory/LegalProfile.aspx?Usr_ID=000000007060 (last visited April 20, 2021); Biography of Dale Kingman, available at https://www.gordontilden.com/our-people/partner/dale-l-kingman-partner (last visited April 19, 2021) (litigating for over 40 years).

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 4

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1

background information regarding the type of case or whether, and on what grounds, the defendants challenged the requested rate. (Dkt. 65 at 4 and Exhibit A.)

For all these reasons, Mr. Evans has failed to meet his burden to establish that a $475 hourly rate is reasonable for the attorney's fee award here.

### 2. The Hours Expended by Plaintiff's Counsel Are Excessive.

The Court should also reduce the requested fees because certain hours expended by Mr. Evans are excessive in this straightforward ERISA case. Mr. Evans alleges he spent 236.35 hours on this case. This non-complex STD and LTD benefit denial case should not require over 230 hours billed by an experienced ERISA attorney. (Dkt. 65.)

For example, Mr. Evans claims he spent 16.98 hours researching "deemed denied" claims under the ERISA regulations prior to filing suit,[7] followed by an additional 13.74 hours researching administrative exhaustion and "deemed denied" claims on October 7 and 23 and November 5 and 20, 2019, and then again on May 22, 2020, for a total of over 30 hours of research on the same topic. (Dkt. 65 at 23-24, 30.) *See Flaaen*, 2017 WL 6527144, at *4 (35 hours of legal research into standard of review was excessive for experienced ERISA attorney). Mr. Evans spent 6.47 hours on initial disclosures and the Joint Status Report and Discovery Plan (excluding time spent in the rule 26(f) conference), relatively routine tasks in an ERISA case that was decided on the administrative record, where he likely was able to use templates from prior cases. (Dkt. 65 at 23-24.)[8] These hours are unnecessary given the expertise that Mr. Evans claims. He claims to both be an expert in the field, commanding a high hourly rate, and yet still he alleges he was required

---

[7] Mr. Evan claims he researched this issue on July 12, 17 and 31, 2019, while Prudential was still considering his claim during the administrative process and before Plaintiff even filed suit. An attorney's fee award under ERISA applies "solely to fees incurred in the judicial proceeding; fees incurred during 'the administrative phase of the claims process' are not recoverable under § 1132(g)." *Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1228 (9th Cir. 2020). Plaintiff's requested fees should be reduced on this basis as well.

[8] *See* time entries dated 9/17/19 (2.1 hours, "Prepare for FRCP 26(f) conference / Draft plaintiff portions of joint case management statement"); 9/23/19 (.77 hours, "Draft Joint Status Report and Discovery Plan"); 9/26/19 (2.1 hours, "Prepare initial disclosures"); 9/27/19 (.3 hours, "Finalize initial disclosures"); 9/30/19 (.3 hours, "Finalize plaintiff sections of joint status report and discovery plan"); 10/4/19 (.9 hours, "Finalize Joint Status Report, incorporate Defendant's portion).

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 5

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

to perform excessive hours for research and basic drafting. *See e.g., Killian v. Johnson & Johnson*, Civ. A. No. 07-4902, 2009 WL 537666, at *20 (D.N.J. Mar. 4, 2009) ("[A]n attorney cannot charge $450 per hour based on ERISA expertise, when 30.8 hours were spent to conduct ERISA research.").

Additionally, Mr. Evans spent 21.5 hours reviewing the administrative record at various points. (Dkt. 65 at 24-25, 29-30.)[9] This is excessive and unreasonable for a claim file that had fewer than 1,000 pages. Mr. Evans notes that the administrative record was 1,449 pages total (Motion at 2), but 84 of those pages were the Prudential contracts and booklet-certificate, and 416 of those pages were Microsoft plan documents, many of which were not directly relevant to Plaintiff's claim. Based on his experience as an ERISA attorney, Mr. Evans must know that the administrative record in this case was relatively small compared to other disability benefits cases. Spending over 20 hours reviewing it is unreasonable, and these hours should be reduced.

Finally, the time Mr. Evans spent on dispositive motions was excessive. For example, Mr. Evans prepared a partial motion for summary judgment on the issue of exhaustion of administrative remedies. (Dkt. 65 at 6, 33-53.) The parties, however, stipulated that Plaintiff's claim for LTD benefits was "deemed denied" and that Plaintiff need not participate in any further administrative process in order to pursue his LTD claim. (Dkt. 30 at 2-3.) While Mr. Evans ultimately did not file his motion, he did finalize it, and at the very least he would have been able to use some of factual discussion he had already written (Dkt. 65 at 38-44) when he prepared Plaintiff's Rule 52 motion for judgment. Moreover, Plaintiff's counsel acknowledged that the Complaint was "pled in significant detail," such that he could have used these specific factual allegations in both of the dipositive motions. (Dkt. 65 at 75.) Further, the overall time Mr. Evans spent on each dispositive motion is excessive given the relatively small administrative record here, the extensive legal research already completed early in the case, and Mr. Evans' experience level.

---

[9] *See* time entries dated 10/4/19 (1.5 hours), 10/7/19 (2.9 hours), 10/11/19 (2.6 hours), 10/31/19 (2.9 hours), 11/5/19 (.1 hours), 4/23/20 (3.3 hours), 5/2/20 (4.9 hours), and 5/21/20 (3.3 hours).

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1

Mr. Evans records that he spent 41.43 total hours preparing the partial motion for summary judgment on the issue of exhaustion that he never filed,[10] 35.9 hours preparing Plaintiff's Rule 52 motion for judgment and reply in support, and 6.2 hours responding to Prudential's motion for summary judgment.[11] Further, on top of this time, Mr. Evans spent 15.2 hours proofreading and cite checking the briefs he prepared,[12] which is excessive given the large amount of time Mr. Evans had already spent on legal research for the briefs (over 30 hours discussed above, in addition to another 4.6 hours on other topics on April 13 and October 23 and 29, 2019).

Recent fee awards in similar cases demonstrate that an award of $124,188.75 is excessive. The recent awards in *Bunger* and *Paulson* were significantly less than that, and they each involved more experienced attorneys with higher hourly rates (as discussed above). *See Bunger v. Unum Life Ins. Co. of Am.*, 231 F. Supp. 3d 865 (W.D. Wash. 2017) (Jones, J.) (awarding $72,500.00 attorneys' fees after obtaining remand for reconsideration of plan administrator's denial of claim for short- and long-term disability benefits, after the court previously denied the parties' cross-motions for judgment under rule 52, finding the record was not sufficiently developed); *Paulson*

---

[10] *See* Dkt. 65 at 23-32, time entries dated 10/11/19 (2.6 hours, "Review administrative record / Outline MSJ re exhaustion of administrative remedies"), 10/28/19 (1.24 hours, "Outline MSJ re exhaustion / Draft questions presented"), 10/29/19 (2.9 hours, "Outline MSJ re administrative exhaustion defense") 10/30/19 (3.9 hours, "Draft MSJ sections re failure to consider treating providers"; 2.1 hours, "Outline MSJ arguments re ERISA claim handling deadlines and tolling"), 10/31/19 (7.59 hours, "Work on MSJ re admin-istrative exhaustion"), 11/1/19 (5.9 hours, "Work on MSJ re administrative exhaustion"), 11/5/19 (4.1 hours, "Draft factual background of MSJ re treatment and Prudential's claims handling"), 11/6/19 (2.9 hours, "Work on exhaustion MSJ"), 11/20/19 (4.1 hours "Draft MSJ re administra-tive exhaustion"), 11/21/19 (.9 hours, "Draft MSJ section re voiding administrative deadlines in postlit denial"), 11/21/19 (2.1 hours, "Draft MSJ conclusion and introduction sections"), 11/21/19 (1.1 hours, "Draft declaration in support of MSJ").

[11] *See* Dkt. 65 at 23-32, time entries dated 4/13/20 (3.4 hours, "Outline dispositive motion / Legal research re standard of review"), 4/17/20 (2.6 hours, "Draft dispositive motion"), 4/20/20 (3.9 hours, "Draft factual background of disposi-tive motion re medical treatment and physican [sic] opinions"), 4/22/20 (3.2 hours, "Draft dispositive motion"), 4/24/20 (1.6 hours, "Draft dispositive motion"), 5/3/20 (1.1, "Draft request for injunctive relief"), 5/3/20 (2.9 hours, "Draft dispositive motion"), 5/7/20 (6.8 hours, "Revise and edit Rule 52 motion"), 5/7/20 (1.4 hours, "Draft proposed order, findings of fact and conclusions of law"), 5/7/20 (.3 hours, "Draft declaration in support of dispositive motion"), 5/22/20 (2.9 hours, "Outline response to Pru procedural arguments"), 6/1/20 (3.1 hours, "Revise and finalize opposition to Pru MSJ"), 6/1/20 (.2 hours, "Draft declaration of Chris Chapin"), 6/4/20 (4.1 hours, "Draft reply in support of motion for judgment"), 6/5/20 (1.5 hours, "Respond to Pru opposition re injunctive relief"), 6/5/20 (3.1 hours, "Revise and finalize reply ISO motion for judgment").

[12] *See* Dkt. 65 at 23-32, time entries dated 11/22/19 (3.4 hours, "Final proof and cite-check MSJ re exhaustion"), 12/4/19 (2.1 hours, "Cite check and finalize MSJ re exhaustion"), 12/5/19 (.9 hours, "Cite check and finalize MSJ re exhaustion"), 5/8/20 (5.7 hours, "Proof and cite check dispositive motion brief and proposed FoF & CoL"), 6/1/20 (2.2 hours, "Proof and cite check MSJ opp"), 6/5/20 (.9 hours, "Proof and cite check reply brief").

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1

*v. Principal Life Ins. Co.*, No. 16-5268 RJB, 2017 WL 4843837, at *4 (W.D. Wash. Oct. 26, 2017) (after plaintiff prevailed at summary judgment, awarding fees of $83,184.00). Plaintiff relies on *Flaaen v. Principal Life Insurance Co.*, where the Court awarded $137,294 in fees after counsel litigated the LTD benefits claim through summary judgment. (Motion at 10.) *See Flaaen*, No. C15-5899 BHS, 2017 WL 6527144, at *5 (W.D. Wash. Dec. 21, 2017). However, given the awards in *Bunger* and *Paulson*, *Flaaen* is an outlier, and (as discussed above), involved attorneys with more experience (and therefore justifiably higher hourly rates) than Mr. Evans. In *Flaaen*, the court also reduced the lead attorney's hours by one-third or to 200 hours. *Id*. The other cases cited by Plaintiff are from the Northern District of California and are therefore not relevant here in comparing the lodestar. (Motion at 10-11.) *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits").

Finally, Mr. Evans' time for drafting his fee application is excessive and must be reduced. *See Welch*, 480 F.3d at 950 (district court did not err in reducing the requested 13 hours for preparation of Welch's motion for attorney's fees by 9 hours because the motion's language was "boilerplate"). A reduction in hours is appropriate if the court reasonably concludes that preparation of a motion "demanded little of counsel's time." *Id.* (*citing Webb v. Sloan*, 330 F.3d 1158, 1170 (9th Cir. 2003)). In the present case, Mr. Evans billed 23.5 hours for preparing the fee petition. (Dkt. 65 at 9, 31.) This is excessive. *See Flaaen*, 2017 WL 6527144, at *5 (finding that 17.1 hours spent on a 9-page attorney's fee motion was excessive, where motion was "largely identical" to the motion counsel filed recently in a similar matter). Again, experienced counsel would not need to take that much time to draft a simple motion, particularly one who has successfully litigated other cases and obtained fee awards (Dkt. 65 at 4). Accordingly, the Court should reduce the hours for preparing the fee application to seven (7) hours, in accordance with *Welch*. 480 F.3d at 950.

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 8

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402

119219.0041/8427601.1

1   For all these reasons, the Court should reduce the fee award Plaintiff requests, by at least
2   1/3 consistent with *Flaaen*, because the hours expended by Mr. Evans are excessive and thus not
3   reasonable.

4             3.     <u>Certain Time Entries Consist of Improper Block Billing.</u>

5   This Court should reduce any award of attorneys' fees to account for improper block
6   billing. *See Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce
7   hours that are billed in block format. The fee applicant bears the burden of documenting the
8   appropriate hours expended in the litigation and must submit evidence in support of those hours
9   worked."); *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (a district court may
10  reduce hours to offset "poorly documented" billing). The Ninth Circuit has relied on a report by
11  the California State Bar's Committee on Mandatory Fee Arbitration, which concluded that block
12  billing "may increase time by 10% to 30%," as an appropriate guide in reducing block billing. *Id*.

13  The Court should reduce the following block billing entries:

- 9/17/19 (2.1 hours for "Prepare for FRCP26(f) conference / Draft plaintiff portions of joint case management statement");
- 10/8/19 (6.1 hours for "Review administrative record / Emails with client re newly disclosed correspondence / Legal research re corresponding directly with represented claimant");
- 10/11/19 (2.6 hours for "Review administrative record / Outline MSJ re exhaustion of administrative remedies");
- 11/27/19 (1.75 hours for "Analyze benefit calculation in Prudential settlement correspondence / Review compensation info from client");
- 12/5/19 (.7 hours for "TC with Prudential counsel re stipulating to administrative exhaustion / Email to Prudential counsel memorializing stipulation");
- 12/10/19 (.16 hours for "Review changes to exhaustion stip / email to Pru counsel re stipulation re administrative exhaustion");
- 1/6/20 (.5 hours for "Review Prudential settlement draft / Email to OC re settlement");
- 2/10/20 (.9 hours for "Review Prudential edits to settlement agreement / TC and emails with client re Pru settlement terms");
- 4/13/20 (3.4 hours for "Outline dispositive motion / Legal research re standard of review").

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402

119219.0041/8427601.1

(Dkt. 65 at 23-32.)

Plaintiff should not recover in full for these block billed entries. These entries are vague and poorly document the time spent. They should be reduced by 20% (representing the middle ground) to account for these inadequate entries.

For all these reasons, Plaintiff's rate and hours must be significantly reduced if the Court grants Plaintiff's fee request.

**B.     The Interest Rate Plaintiff Seeks Is Excessive and Should Not Be Awarded as Relief Under ERISA 29 U.S.C. § 1132(a)(3).**

A district court, in its discretion, may award prejudgment interest on an award of ERISA plan benefits, but such an award is not required. *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir. 1995) ("Whether to award prejudgment interest to an ERISA plaintiff is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities.") (quotation marks and citation omitted). Should the Court award prejudgment interest, Plaintiff's suggested rate of 11.61% is not appropriate.

The Ninth Circuit has held that "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate."[13] *Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001), *quoting Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Blankenship v. Liberty Life Assur. Co. of Bos.*, 486 F.3d 620, 628 (9th Cir. 2007), quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1576 (9th Cir. 1987) ("substantial evidence must support the district court's decision to depart from the Treasury bill rate."). "Prejudgment interest is an element of compensation, not a penalty." *Dishman v. UNUM*

---

[13] Under 28 U.S.C. § 1961(a), the interest rate to be used is the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The interest "shall be computed daily to the date of payment … and shall be compounded annually." 28 U.S.C. § 1961(b).

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402

119219.0041/8427601.1

*Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001) (holding that district court abused its discretion in awarding a 16% prejudgment interest rate on an ERISA award, where district court wanted defendant to pay more than it could have earned on the reserve it maintained for plaintiff's claim to make amends for bad faith conduct). *See Letvinuck v. Aetna Life Ins. Co.*, No. CV 06-2831 PSG JTLX, 2011 WL 6056878, at *1 (C.D. Cal. Dec. 2, 2011) ("a plaintiff is not entitled to interest above the statutory rate upon a mere showing that the defendant obtained a higher rate of return on the wrongly withheld benefits").

Prudential submits that in calculating prejudgment interest, the Court should use the rate provided for under 28 U.S.C. § 1961, applied as follows:

> the "interest equivalent to that which would have accrued if he had invested his LTD benefits at a rate equal to the weekly average 1–year constant maturity Treasury yield on the date the benefits were due to him, and then reinvested the proceeds annually at a rate equal to the weekly average 1–year constant maturity Treasury yield at the time of the reinvestment, up to the date on which Defendants satisfy the judgment."

*Caplan v. CNA Fin. Corp.*, 573 F. Supp. 2d 1244, 1253 (N.D. Cal. 2008). *See Letvinuck*, 2011 WL 6056878, at *3 (same). *See also Bigham v. Liberty Life Assurance Co. of Bos.*, 148 F. Supp. 3d 1159, 1169 (W.D. Wash. 2015) (plaintiff entitled to recover pre-judgment interest on unpaid LTD benefits consistent with the rate prescribed for post-judgment interest under 28 U.S.C. § 1961); *Anderson v. Liberty Mut. Long Term Disability Plan*, 116 F. Supp. 3d 1228, 1239 (W.D. Wash. 2015) (same). The Court should follow the normal rule for both the rate and method of computing prejudgment; the total amount of interest due can be calculated when the parties determine the date any outstanding judgment will be satisfied.

Plaintiff seeks prejudgment interest at a rate of 11.61%, rather than the default federal interest rate, claiming that the benefit denial deprived him of the opportunity to invest funds at a rate of return of 11.61%. (Motion at 11.) He attaches a declaration stating he was forced to withdraw $15,000 from his retirement investments to pay taxes and was unable to contribute the full amount to his retirement accounts. (Dkt. 62.) Plaintiff argues that this rate is warranted to make

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1

him "whole" and to compensate him for the additional harm of "forgoing elective medical treatment and discretionary purchases." (Motion at 11.)

Plaintiff's proposed interest rate is excessive and unsubstantiated. Plaintiff offers no evidence for his calculation of the 11.61% interest rate other than his unsupported statement in his declaration that his "family's investment portfolio has returned 11.61 percent annually during the period October 9, 2018 through March 24, 2021." (Dkt. 62 at 2.) "In cases where courts have deviated from the default rate, the plaintiffs generally provided specific documentation as to the time value of the withheld benefits, thereby satisfying the 'substantial evidence' requirement." *See Barnett v. S. California Edison Co. Long Term Disability Plan*, No. 112CV00130LJOSAB, 2016 WL 4077721, at *13 (E.D. Cal. July 5, 2016) (rejecting plaintiff's request for a 10% rate and holding plaintiff failed to set forth substantial evidence showing that the equities required a different rate) (citing cases); *Letvinuck*, 2011 WL 6056878, at *3 (plaintiff failed to present substantial evidence of higher interest rate, so court applied interest rate under to 28 U.S.C. § 1961). Plaintiff offers nothing but speculation that, had he been awarded benefits, he would have invested the money in his retirement account. Besides, this suit concerns a claim for disability benefits, which are intended to replace a portion of claimant's income and not to serve as a replacement for lost investment opportunities.

Plaintiff's reliance on *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620 (9th Cir. 2007), is misplaced. (Motion at 11.) In *Blankenship*, the Ninth Circuit upheld the district court's deviation from the standard Treasury bill rate, awarding a 10.01% rate. *Id*. at 628. The plaintiff in *Blankenship* submitted a declaration stating that he was forced to replace the $6,093.82 per month he would have received with his own personal funds, and that those funds would otherwise have been invested in a Vanguard mutual fund, which had a 10.01–percent return. *Id*. The plaintiff attached an exhibit to his declaration, showing that the Vanguard fund had earned interest at the rate of 10.01% since its inception in 2000. *Blankenship v. Liberty Life Assurance Co. of Bos. ex rel. Adm'r & Fiduciary of KPMG Emp. Long-Term Disability Plan*, No. C-03-1132

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1

SC, 2004 WL 2198711, at *1 (N.D. Cal. Sept. 15, 2004), aff'd sub nom. *Blankenship v. Liberty Life Assur. Co. of Bos.*, 486 F.3d 620 (9th Cir. 2007). Plaintiff here offers nothing of the sort to substantiate his claimed 11.61% interest rate. Plaintiff has failed to satisfy the "substantial evidence" requirement.

In the alternative, Plaintiff argues in passing that interest at the higher rate should be awarded under the equitable remedy of surcharge for Prudential's violations of its fiduciary duties. (Motion at 11.) The surcharge remedy encompasses make-whole relief, including relief in the form of monetary compensation for a loss resulting from a trustee's breach of duty. *CIGNA Corp. v. Amara*, 563 U.S. 421, 442-44, 131 S. Ct. 1866, 1880-81 (2011). In order to be entitled to such relief, the beneficiary must show that it suffered a harm caused by the fiduciary's breach of duty. *Id.* at 1881 ("[A] fiduciary can be surcharged under § 502(a)(3) only upon a showing of actual harm"). *See Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012) (rejecting claim for equitable relief of surcharge, where ERISA plan participants did not rely on inaccurate summary plan description, so they could not establish any harm for which they should be compensated). *Contrast Echague v. Metro. Life Ins. Co.*, 43 F. Supp. 3d 994 (N.D. Cal. 2014) (surcharge was appropriate remedy for ERISA plan administrator's breach of its fiduciary duty in failing to provide complete and accurate information to participant or beneficiary regarding life insurance benefits, where beneficiary submitted claim after participant's death and was surprised to learn that policy had lapsed).

Plaintiff makes no attempt to satisfy the elements of the equitable remedy of surcharge, nor can he. (Motion at 11.) As discussed in Prudential's Motion for Amended or Additional Findings (Dkt. 66), the only harm to Plaintiff -- the denial of his LTD benefits -- has been fully remedied by the Order awarding him benefits (and potentially prejudgment interest) and remanding the claim to Prudential for further review; thus, the relief provided by § 1132(a)(1)(B) is adequate. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) ("where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1

such relief normally would not be appropriate."); *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 375 (6th Cir. 2015) (injury was remedied when plaintiff was awarded wrongfully denied benefits and attorney's fees (and potentially supplemented by award of prejudgment interest), under § 1132(a)(1)(B); "the Supreme Court has never stated that recovery under both § 502(a)(3) and § 502(a)(1)(B) may be warranted for a single injury").

Nor does Plaintiff cite any authority supporting this alternative theory. (Motion at 11.) While there is no controlling Ninth Circuit case, the Third Circuit has rejected this theory. *See Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 207–08 (3d Cir. 2004) (ERISA plaintiff who prevails under § 1132(a)(1)(B) in seeking an award of benefits "may request prejudgment interest under that section as part of his or her benefits award"; equitable relief available under ERISA § 1132(a)(3) "does not apply to the availability of prejudgment interest on a benefits award obtained under § [113]2(a)(1)(B)."). Thus it would be improper to award any equitable relief under 29 U.S.C. § 1132(a)(3), much one that simply serves to supplement prejudgment interest. (Dkt. 66 at 7-11.)

For all of these reasons, should the Court award pre-judgment interest, it should use the statutorily prescribed rate.

### III. CONCLUSION

For these reasons, Prudential respectfully requests this Court reduce Plaintiff's request for attorney's fees as outlined above and apply the default federal interest rate provided by 28 U.S.C. § 1961 in awarding prejudgment interest.

DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS,
AND INTEREST - 14

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1

| | |
|---|---|
| 1    DATED: April 26, 2021 | Respectfully submitted, |
| 2 | LANE POWELL, P.C. |

By: */s/ Sean D. Jackson*
    D. Michael Reilly, WSBA No. 14674
    reillym@lanepowell.com
    Sean D. Jackson, WSBA No. 33615
    jacksons@lanepowell.com
    Per D. Jansen, WSBA No. 49966
    jansenp@lanepowell.com
    1420 Fifth Avenue, Suite 4200
    P.O. Box 91302
    Seattle, WA 98111-9402
    Telephone:  (206) 223-7000
    Facsimile:   (206) 203-7107

Ian H. Morrison (*pro hac vice*)
imorrison@seyfarth.com
Shelley R. Hebert (*pro hac vice*)
shebert@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, AND INTEREST - 15

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402

119219.0041/8427601.1