HON. JUDGE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTOPHER RICHARD CHAPIN,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, MICROSOFT CORPORATION, and the MICROSOFT CORPORATION WELFARE PLAN,<br><br>Defendants. | No. 2:19-cv-01256-RAJ<br><br>REPLY IN SUPPORT OF CHAPIN'S MOTION FOR ATTORNEYS' FEES, COSTS, AND INTEREST<br><br>NOTE ON MOTION CALENDAR: April 30, 2021 |

## I.   INTRODUCTION

Chapin's opening brief demonstrated his requested attorneys' fees are reasonable. Chapin proffered expert declarations and court orders supporting his counsel's hourly rate and detailed how the time his counsel incurred was reasonably necessary to prevail. Prudential's request that the Court reduce Chapin's counsel's hourly rate and cut the time incurred by one-third lacks support. The Court should therefore grant this motion, award Chapin his requested fees (including fees incurred in preparing this reply brief), and award pre-judgment interest at a rate sufficient to make Chapin whole for the harm inflicted by Prudential's misconduct.

REPLY IN SUPPORT OF CHAPIN'S
MOTION FOR ATTORNEYS' FEES,
COSTS, AND INTEREST
(No. 2:19-cv-01256) - 1

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100  Fax 206-785-1702

## II. ARGUMENT

### A. Prudential's challenge to counsel's hourly rate lacks evidence.

The expert opinions of Attorneys Cordell and Crawford, and the court orders approving Chapin's counsel's hourly rate, met Chapin's burden to demonstrate that his counsel's hourly rate is reasonable and shifted the burden to Prudential to proffer rebuttal evidence. Dkt. No 63 at ¶¶ 9-14; Dkt. No. 64 at ¶¶ 24-28; Dkt. No. 65 at 11-21; *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947-948 (9th Cir. 2007) (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.1990)). Cordell's experience representing clients like PEMCO and Boeing in insurance litigation, work evaluating fees charged by insurance defense as well as policyholder-side counsel, and familiarity with the rates charged by similar attorneys, qualify him to opine regarding prevailing local rates. Dkt. No 63 ¶¶ 2-4 and 10-11. Prudential's objection that Cordell's opinions rely on hearsay is incorrect. Fed. R. Evid. 703; *United States v. Sims*, 514 F.2d 147, 149 (9th Cir. 1975). Its supposition that Evans' rate should be lower than the attorneys Cordell discusses overlooks Cordell's opinion that Evans' representation in this matter displayed skill comparable to these attorneys. Dkt. No. 63 at 4:22-24. And its claim that Crawford lacks a basis for his opinions ignores his knowledge of prevailing fees for ERISA litigation. Dkt. No. 62 at ¶¶ 4-12. An additional order approving Evans' $475 hourly rate (rendered after Chapin filed his opening brief) corroborates these opinions. Reply Declaration of McKean J. Evans, Exhibit A at ¶ 5.

Prudential's failure to submit declarations or court orders rebutting this evidence renders Chapin's counsel's rate presumptively reasonable. *Welch*, 480 F.3d at 947 (citing *Phelps Dodge Corp.*, 896 F.2d at 407). In *Welch*, the prevailing plaintiff submitted expert declarations and court orders supporting her counsel's hourly rate. *Id*. The defendant submitted no contrary

REPLY IN SUPPORT OF CHAPIN'S
MOTION FOR ATTORNEYS' FEES,
COSTS, AND INTEREST
(No. 2:19-cv-01256) - 2

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

declarations or orders. *Id*. The Ninth Circuit held that Welch met her burden and remanded to the district court with instructions to "presume those rates are reasonable." *Id.* As this Court has observed, a litigant's uncorroborated self-assessment of prevailing rates "must be given little weight." *Black Lives Matter Seattle-King Cty. v. City of Seattle, Seattle Police Dep't*, 2:20-CV-00887-RAJ, 2021 WL 289334, at *8 (W.D. Wash. Jan. 28, 2021).

Instead of providing evidence, Prudential incorrectly supposes that the number of years in practice is the sole factor relevant to a reasonable hourly rate. Dkt. No. 68 at 3-5. "[Y]ears in practice is not the be-all and end-all in determining the reasonableness of an attorney's hourly rate." *Caccamise v. Credit One Bank, N.A.*, 18-CV-971 JLS (BLM), 2020 WL 804741, at *4 (S.D. Cal. Feb. 18, 2020). Rather, the Court should consider the attorney's qualifications, *Welch*, 480 F.3d at 947, and the quality of representation, *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000) (citing *Blum v. Stenson*, 465 U.S. 886, 899, 104 S. Ct. 1541, 1549, 79 L. Ed. 2d 891 (1984)). In an ERISA disability lawsuit, the attorney's analysis of the medical evidence and rebuttal of the Plan's consultants' opinions can evidence the quality of representation. *Nagy v. Grp. Long Term Disability Plan for Employees of Oracle Am., Inc.*, 739 Fed. Appx. 366, 369 (9th Cir. 2018) (Friedland, J., concurring). Chapin's success on these points over Prudential's vigorous opposition reflects a high quality of advocacy. Dkt. No. 63 at ¶13; Dkt. No 64 at ¶ 28. *See* Dkt. No 60 at 15-16 (accepting Chapin's analysis of the medical evidence) and 16-19 (rejecting Prudential's medical opinions). And even if years in practice was the sole consideration, the Court recently approved comparable hourly rates ($400-$500) for attorneys with similar years in practice as Evans (nine to eleven) in a non-ERISA matter. *Black Lives Matter Seattle-King Cty.*, 2021 WL 289334, at *8.

REPLY IN SUPPORT OF CHAPIN'S
MOTION FOR ATTORNEYS' FEES,
COSTS, AND INTEREST
(No. 2:19-cv-01256) - 3

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

**B.      Prudential's conclusory time entry challenges do not support its requested cuts.**

Prudential fails to identify the kind of overbilling that would support its request for a one-third across-the-board reduction in Chapin's time incurred. Judge Settle of this Court applied a one-third haircut where the plaintiff's counsel: (1) spent "four full weeks" on one dispositive motion; (2) spent "three full weeks" on a second dispositive motion; and (3) spent 17.1 hours on a fee motion that was identical to a motion counsel had recently filed in another matter. *Flaaen v. Principal Life Ins. Co.*, C15-5899 BHS, 2017 WL 6527144, at *5 (W.D. Wash. Dec. 21, 2017). Even after this cut, the Court awarded $137,294 in fees—comparable to Chapin's lodestar here. *Id.* Prudential fails to identify poor billing judgment on par with *Flaaen*.

To the contrary, this matter required more work than the run-of-the-mill ERISA disability case. The need to prepare a preliminary summary judgment motion regarding administrative exhaustion distinguishes the cases Prudential offers as evidence of the time typically involved in such a dispute. *See Bunger v. Unum Life Ins. Co. of Am.*, 231 F. Supp. 3d 865, 867-77 and 871 (W.D. Wash. 2017) (no threshold dispositive motions);[1] *Paulson v. Principal Life Ins. Co.*, 16-5268 RJB, 2017 WL 4843837, at *2 (W.D. Wash. Oct. 26, 2017) (same). That issue's uncertain legal standard required significant research: the Ninth Circuit had not addressed whether the 2018 amendments to ERISA's implementing regulation, 29 C.F.R. § 2560.503–1, abrogated the prior "substantial compliance" standard for purposes of determining when violations render a claim "deemed denied". *See, e.g., Fessenden v. Reliance Standard Life Ins. Co.*, 927 F.3d 998, 1003 n.3 (7th Cir. 2019) (re-evaluating substantial compliance doctrine in light of amended regulation).

---

[1] It is also notable that counsel for the plaintiff in *Bunger* agrees that the time expended by Chapin in this matter is reasonable. Dkt. No. 64 at ¶¶ 5 and 13-23.

REPLY IN SUPPORT OF CHAPIN'S
MOTION FOR ATTORNEYS' FEES,
COSTS, AND INTEREST
(No. 2:19-cv-01256) - 4

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

Particularly given this context, Prudential's three categories of quibbles with Chapin's time entries resemble the kind of second-guessing that the Ninth Circuit hesitates to impose on a successful plaintiff. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). First, Prudential's objection that time entries reflecting multiple related tasks constitute "block billing", Dkt. No. 68 at 9-10, is incorrect. Grouping related tasks in a single entry is not block billing but "is common in private practice" and provides "sufficient information for the Court to assess the nature of the work done." *McEuen v. Riverview Bancorp, Inc.*, C12-5997 RJB, 2014 WL 2197851, at *6 (W.D. Wash. May 27, 2014) (citing *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 690 (9th Cir.2012). For example, the September 17, 2019 time entry appropriately records work preparing for the Fed. R. Civ. P. 26(f) conference and drafting the joint status report because the tasks overlap; the conference's purpose is to discuss the items required for the report. *Compare* Dkt. No. 14 at 3-4 *with* Fed. R. Civ. P. 26(f).

Second, Prudential's challenge to the time incurred in reviewing the administrative record relies on its supposition counsel should not have reviewed the Plan documents. Dkt. No. 68 at 6:5-12. But the Plan documents are "at the center of ERISA", *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101, 133 S. Ct. 1537, 1548, 185 L. Ed. 2d 654 (2013), and supported Chapin by requiring Prudential to consider his doctors' opinions. Dkt. No. 26 at 922 and 1283.

Third, Prudential's suggestion that Chapin incurred excess time preparing the joint status report, initial disclosures, and fee petition, as well as proofing and cite-checking four lengthy dispositive motion briefs, relies on its unsupported supposition that these documents were boilerplate. Dkt. No. 68 at 5:15-19 and 8:13-25. Determining that Chapin incurred excessive time in obtaining success requires more than this sort of "conclusory statement". *Moreno*, 534 F.3d at 1116.

REPLY IN SUPPORT OF CHAPIN'S
MOTION FOR ATTORNEYS' FEES,
COSTS, AND INTEREST
(No. 2:19-cv-01256) - 5

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

**C.    The Court should exercise its discretion and award pre-judgment interest at a rate sufficient to make Chapin whole.**

Prudential acknowledges the Court has discretion to depart from the default federal court interest rate under *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627–28 (9th Cir. 2007) (citing *Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001)). The Court should exercise that discretion because Prudential's misconduct harmed Chapin and his family in ways that cannot be remedied by recovery of the benefits years after the fact, including liquidating retirement account assets, stress, selling personal belongings, and forgoing elective medical treatment. Dkt. No. 40 at ¶¶ 4-8, Dkt. No. 41 at ¶¶ 4-8. The Chapin family's lost opportunity to invest in their portfolio returning 11.61 percent, Dkt. No. 62, is the same harm *Blankenship* recognized supports a higher interest rate. 486 F.3d at 627–28. Contrary to Prudential's objection, Chapin plainly has personal knowledge of his own investment portfolio's rate of return. *In re Chaleunrath*, ADV. 05-01214, 2006 WL 6810921, at *4-5 (B.A.P. 9th Cir. Sept. 5, 2006) (citing *U.S. v. Hickey*, 917 F.2d 901, 904–05 (6th Cir.1990)). It is unjust for the Chapin family to bear the burden of the harm inflicted by Prudential's misconduct.

### III.    CONCLUSION

Prudential's retention of five lawyers from two large law firms to defend this action belies its suggestion that the dispute was "non-complex", Dkt. No. 68 at 5:8-9. The Court should grant this motion and award Chapin's requested fees and costs, together with the additional 8.2 hours incurred in preparing this reply brief (Reply Evans Dec., ¶ 4), plus pre-judgment interest at 11.61 percent.

Respectfully Submitted April 30, 2021.

REPLY IN SUPPORT OF CHAPIN'S
MOTION FOR ATTORNEYS' FEES,
COSTS, AND INTEREST
(No. 2:19-cv-01256) - 6

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**RUIZ & SMART PLLC**

By: */s McKean J. Evans*
McKean J. Evans, WSBA #52750

Isaac Ruiz, WSBA #35237
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100
Fax. 206-785-1702
iruiz@ruizandsmart.com
mevans@ruizandsmart.com

*Counsel for Plaintiff Chapin*

REPLY IN SUPPORT OF CHAPIN'S
MOTION FOR ATTORNEYS' FEES,
COSTS, AND INTEREST
(No. 2:19-cv-01256) - 7

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702